UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 05-20596-Cr-COOKE/BANDSTRA

UNITED STATES OF AMERICA,

    Plaintiff

vs.

EDUARDO HERNANDEZ,

    Defendant.

_____/

**ORDER ON MOTION TO COMPEL TRIAL ATTORNEY TO RELINQUISH A COPY OF TRIAL TRANSCRIPTS, DISCOVERY TO DEFENDANT, AND REQUESTING THE COURT TO TOLL THE LIMITATION TIME PURSUANT TO AEDPA**

THIS CAUSE is before the Court on the Defendant's *pro se* Motion to Compel Trial Attorney to Relinquish a Copy of Trial Transcripts, Discovery to Defendant, and Requesting the Court to Toll the Limitation Time Pursuant to AEDPA ("Motion to Compel") [ECF No. 331].  I have reviewed the United States' Response to the Defendant's Motion [ECF No. 332], the record, including rulings on other similar motions [*compare* ECF Nos. 286 & 287 *with* ECF No. 290], the relevant legal authorities, and am otherwise fully advised in the premises.  For the reasons explained in this order, the Defendant's Motion to Compel is denied.

**I.  FACTS**

After a jury trial, the Defendant was found guilty of conspiring to possess with intent to distribute marijuana from April 2005 to July 9, 2005 and several related offenses.  The Defendant appealed his conviction.  On October 30, 2009, the Eleventh Circuit affirmed the Defendant's conviction and sentence.  *See United States v. Sanchez*, 586 F.3d 918 (11th Cir. 2009).  The manadate issued on November 30, 2009.  The Defendant did not file a petition for a writ of certiorari and sought no further appellate review.  As of the date of the filing of this motion, the

Defendant has not filed a habeas petition. Defendant now requests that this Court to toll the limitation time pursuant to the one year prescribed under the AEDPA, and also requests that I compel his trial attorney to release a copy of trial transcripts and discovery to the Defendant. (Mot. to Compel 1 [ECF No. 331]).

## II. ANALYSIS

*A.     Antiterrorism and Effective Death Penalty Act of 1996 One Year Statute of Limitations*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on federal prisoners filing Section 2255 motions. *See* 28 U.S.C. § 2255. The statute provides, in relevant part, that the one year imitation period runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f). The Defendant did not file a petition for certiorari. The conviction therefore became final on January 28, 2010. The Defendant has, at least, until January 28, 2011 to file a habeas petition. The request therefore for equitable tolling is premature.

Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when "extraordinary" circumstances have worked to prevent an otherwise diligent petitioner from timely filing his petition. *Brown v. United States*, 318 F. App'x 749, 750 (11th Cir. 2008). It is an extraordinary remedy that is applied sparingly; it is appropriate only "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).

As explained below, there is no requirement that a defendant receive a copy of the entire trial record *prior* to filing a petition. *Cf.* 28 U.S.C. § 753(f) (allowing for free transcripts to petitioners proceeding *in forma pauperis* under 28 U.S.C. § 2255, but requiring judicial certification that the habeas petition is not frivolous and that the transcript is needed to decide the issue *presented by* the

petition). Given the time remaining for the Defendant to timely file a habeas petition, and the nature of the elements of equitable tolling, it is inappropriate, at this time, to invoke equitable tolling.[1]

### B.   Trial Transcript

The Defendant also requests the "release of trial court transcripts and for the Court to give an order to the Attorney of record to release information concerning the Defendant's trial transcripts." (Mot. to Compel 2 [ECF No. 331]).[2] Plaintiff states that he is indigent and cannot afford to pay for copies of the transcript.[3] Like his request for equitable tolling, the Defendant's request for trial transcripts is also premature. An *in forma pauperis* habeas petitioner may be entitled to receive copies of trial transcripts with the cost to be paid by the Government. 28 U.S.C. §753(f). In this situation, however, the trial judge must certify that the habeas petition is not frivolous and that the transcript is needed to decide the issues presented. *Id.*; *see also Mikell v. United States*, No. 609-065, 2009 WL 3201769, at *1-2 (S.D. Ga. Oct. 6, 2009).

Here, the Defendant has not filed a habeas petition. He states in his motion that "without the requested material Defendant can not conclude or pinpoint where [trial] Counsel was ineffective" and that "trial was very lengthy – approximately seventeen days of trial – which would make it

---

[1] The United States agues that equitable tolling would not be available to the Defendant because he did not obtain trial transcripts and discovery from his attorney. (Resp. to the Def.'s Motion to Compel 2 [ECF No. 332]. Just as it is premature to address the Defendant's request for equitable tolling, it is equally premature to address the Government's objections to equitable tolling.

[2] The Defendant correctly states that I granted in part and denied in part a previous motion requiring the trial attorney of record to provide the Defendant a copy of the trial transcripts. [ECF No. 286 & 287]. The order was improvidently granted. [*See* ECF No. 290].

[3] Defendant's trial in this matter began on May 1, 2006 [ECF No. 193]. The trial concluded on May 17, 2006 [ECF No. 219]. The trial transcript consists of 1292 pages.

impossible for him to pinpoint any Constitutional violations, technicalities, and violation of right to effective assistance of Counsel, without the requested material." (Mot. to Compel 3). In essence the Defendant is asking this Court to provide thousands of pages of a transcript, at the Court's expense, so he can sift through the record looking for areas where his attorney may not have been effective.

A prospective habeas petitioner is not entitled to trial transcripts "in order to read through them to look for issues to raise in his 2255 petition." *Riddick v. United States*, No. 04-278, 2005 WL 1667757, at *7 (E.D. Va. July 6, 2005). Even if the Defendant's request was not premature, he has not established that the documents are needed to decide an issue in a pending suit and that the suit is not frivolous. 28 U.S.C. §753(f). The non-frivolous certification requirement of Section 753(f) means that such "fishing expeditions" are necessarily improper, since there is no way for a judge to determine whether a transcript is needed to decide the issues presented when a prospective petitioner has not yet presented any issues.

It is **ORDERED AND ADJUDGED** that the Defendant's Motion to Compel [ECF No. 331] is **DENIED**.

**DONE AND ORDERED** in Chambers at the United States District Courthouse in Miami-Dade County, Florida this 24th day of June 2010.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:

*Counsel of record*

*Eduardo Hernandez*, pro se
DOC No. 08813-000
United States Penitentiary Lee
P.O. Box 305
Jonesville, VA 24263